**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| YF Trust, | ) No. CV 07-567-PHX-MHM |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| JP Morgan Chase Bank, | ) |
| Defendant. | ) |

Presently pending before the Court is Defendant JP Morgan Chase Bank's Motion for Reconsideration of the Court's Order denying its Motion to Dismiss. The Motion is fully briefed. The Court considers all papers submitted and the oral argument presented, and issues the following Order.

**LEGAL STANDARD**

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought through. United States v. Rezzonico, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998). Reconsideration is only appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial

decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

**DISCUSSION**

The instant case involves the alleged conversion of negotiable instruments. Plaintiff has asserted two causes of action, namely, failure to exercise ordinary care (Count I) and aiding and abetting fraud and breach of fiduciary duty (Count II). The specific facts are set forth in the Court's March 26, 2008 Order. (See Doc. 9). The Court's Order addressed Defendant's motion to dismiss, in which it moved to dismiss both Counts and asserted Plaintiff's claims are barred by the three-year statute of limitations. In denying Defendant's motion to dismiss, the Court found that Plaintiff had set forth sufficient facts to adequately state a claim for failure to exercise ordinary care and for aiding and abetting fraud and breach of fiduciary duty.

With regard to Defendant's statute of limitations argument, the Court reviewed the law as it relates to conversion of negotiable instruments and found that no Arizona state law case has determined whether the discovery rule applies to this type of case in Arizona. The Court found that Arizona courts do apply the discovery rule to claims arising from commercial disputes. See Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am., 182 Ariz. 586, 589, 898 P.2d 964, 967 (1995).

Since that time, Defendant has filed a Motion for Reconsideration based on new legal authority. In support of reconsideration, Defendant cites Auto-Owners Ins. v. Bank One, 879 N.E.2d 1086 (Ind. 2008). Defendant contends that Auto-Owners addresses two issues that are present here, namely, (1) whether a bank can be held liable for failure to exercise ordinary care where the allegations relate to the opening of bank accounts, and (2) whether the discovery rule applies to claims that fall under UCC § 3-118(g).

In opposition, Plaintiff argues that the Court's March 25, 2008 Order should stand because Auto-Owners is not precedent here and because Arizona has a long-standing policy in support of applying the discovery rule to cases involving conversion of negotiable instruments.

## I. DISCOVERY RULE

The Court's March 26, 2008 Order held that, pursuant to A.R.S. § 47-3118(g), a three year statute of limitations applies to the Plaintiff's causes of action, which presumably would have barred Plaintiff's claims. However, in denying Defendant's motion to dismiss, the Order cites Gust, Rosenfeld, 182 Ariz. at 589, 898 P.2d at 967, and states that "Arizona courts apply the 'discovery rule' to claims arising from commercial disputes . . . [and] Defendant has given no indication that Arizona courts would deviate from this longstanding rule in the context of this case." Order, March 26, 3008, at p. 9. The Court noted that the Indiana Court of Appeals case of Auto-Owners Ins. Co. v. Bank One, 852 N.E.2d 604, 611 Ind. Ct. App. (2006), cited in Defendant's motion, had been "vacated" on procedural grounds pending its appeal to the Indiana Supreme Court.

Defendant has filed a Motion for Reconsideration based on new legal authority. Defendant's Motion for Reconsideration relies on the recently-decided Indiana Supreme Court case Auto-Owners Ins. v. Bank One, 879 N.E.2d 1086 (Ind. 2008), which was decided February 5, 2008.[1] Defendant contends that Auto-Owners addresses two issues that are present here, namely,

(1) whether the discovery rule applies to claims that fall under UCC § 3-118(g), and

(2) whether a bank can be held liable for failure to exercise ordinary care where the allegations relate to the opening of bank accounts.

---

[1] This decision was issued February 5, 2008 – after Defendant's motion to dismiss was fully briefed but before the Court issued its Order denying the motion. Defendant did not file a notice of new authority.

A.R.S. § 3-118(g) states as follows:

Unless governed by other law regarding claims for indemnity or contribution, the following actions must be commenced within three years after the cause of action accrues:

1. An action for conversion of an instrument, for money had and received, or like action based on conversion;

2. An action for breach of warranty; or

3. An action to enforce an obligation, duty or right arising under this chapter and not governed by this section.

Auto-Owners affirmed the Indiana Court of Appeals decision, which held that the discovery rule should not be applied to claims that fall under U.C.C. § 3-118(g). The Indiana Court of Appeals decision noted that "our legislature's use of the discovery rule in some portions of the UCC and not in Indiana Code section 26-1-3.1-118(g) indicates that the legislature did not intend for the discovery rule to apply to claims involving the conversion of a negotiable instrument." Auto-Owners, 852 N.E.2d at 611.

In further support of reconsideration, Defendant provides examples of other statutes of the Arizona UCC that specifically permit the discovery rule and then compares them to A.R.S. § 47-3118(g), the applicable Arizona UCC statute in this case. (Cf. A.R.S. § 47-3417(F) ("A cause of action for breach of warranty under this section accrues when the claimant has reason to know of the breach"); A.R.S. § 47-4207(E) (same); and A.R.S. § 47-4208(F) (same) with A.R.S. § 47-3118(g)(3) (requiring actions to be taken "within three years after the cause of action accrues").

The Arizona statutes are worded similarly to the Indiana statutes whereby, as stated above, some of the statutes mention that a cause of action accrues when the claimant has reason to know of its existence but the statute at issue here, A.R.S. § 47-3118(g)(3) only states that action must be taken within three years after the cause of action accrues.

- 4 -

1       In opposition, Plaintiff argues that the Court's March 25, 2008 Order should stand
2 because <u>Auto-Owners</u> is not precedent here and because Arizona has a long-standing policy
3 in support of applying the discovery rule to cases involving commercial litigation.

4       In support of its position, Plaintiff cites for the first time <u>Stjernholm v. Life Ins. Co.
5 of N. Am.</u>, 782 P.2d 810 (Colo. App. 1989) and <u>DeHart v. First Fidelity Bank, N.A. S.
6 Jersey</u>, 67 Bankr. 740 (D.N.J. 1986), two cases in which the discovery rule was applied to
7 negotiable instrument cases.

8       In its Reply, Defendant points out that subsequent courts have refused to follow
9 <u>Stjernholm</u> and <u>DeHart</u> because "the vast majority" of courts have "refused to apply the
10 discovery rule to negotiable instruments, finding it inimical to UCC policies of finality and
11 negotiability." <u>Menichini v. Grant</u>, 995 F.2d 1224, 1229-31 (3d Cir. Pa. 1993) ("[a]lthough
12 a few courts apply the discovery rule to negotiable instrument theft on essentially equitable
13 grounds, the tide of case law runs strongly against this approach."); <u>Pero's Steak & Spaghetti
14 House v. Lee</u>, 90 S.W.3d 614, 622-23 (Tenn. 2002) ("the vast majority of courts hold that
15 in the absence of fraudulent concealment on the part of the defendant asserting the statute-of-
16 limitations defense, the discovery rule does not apply to toll the statute of limitations on an
17 action for conversion of negotiable instruments.").

18       Defendant also points out that a subsequent New Jersey court refused to follow the
19 District of New Jersey's decision in <u>DeHart</u> and found that the discovery rule should not
20 apply to claims for conversion of negotiable instruments. See <u>New Jersey Lawyers' Fund
21 for Client Protection v. Pace</u>, 374 N.J. Super. 57 65-66 (N.J. App. Div. 2005) ("we think the
22 public would be poorly served by a rule that effectively shifts the responsibility for careful
23 bookkeeping away from those in the best position to monitor accounts and employees. Strict
24 application of the limitation period, while periodically harsh in some cases, best serves the
25 twin goals of swift resolution of controversies and 'certainly of liability' advanced by the
26 U.C.C.").

27
28

1    Another argument Plaintiff sets forth is that the time at which harm is discovered, and
2 a cause of action accrues, are questions of fact for the jury. However, this is not true if the
3 discovery rule does not apply as a matter of law.

4    In addition, Plaintiff argues that Auto-Owners is not sufficiently factually analogous
5 to the instant case to serve as the basis for granting Defendant's Motion for Reconsideration.
6 Plaintiff claims that Auto-Owners is inapplicable because in that case the embezzling
7 employee "opened and maintained" an account "in the name of a real entity and a real
8 person" whereas here the entities were not "real." However, this distinction appears
9 immaterial considering that in both Auto-Owners and the instant case, the banks' alleged
10 failure to request "documents of formation and authority to open such [bank] accounts" is
11 the act that precipitated the lawsuit. Complaint ¶ 31. The court in Auto-Owners held, a
12 failure to request formation documents does not rise to the level of failure to exercise
13 ordinary care. Auto-Owners, 879 N.E.2d 1088; 1090-91.

14    Based on the fact that there is no Arizona case that discusses whether the discovery
15 rule applies to conversion of negotiable instruments cases, the fact that the Supreme Court
16 of Arizona held that the discovery rule applies to commercial disputes (see Gust, Rosenfeld,
17 182 Ariz. at 589, 898 P.2d at 967), and the specific facts as set forth in Plaintiff's Complaint,
18 the Court finds it appropriate to apply the discovery rule to the instant case. Plaintiff's claims
19 are allowed to proceed, at least as to those allegations alleged to have occurred after January
20 12, 2004 (three years before Plaintiffs filed the instant lawsuit).

21 **II.    EXERCISE OF ORDINARY CARE**

22    In its Motion for Reconsideration, Defendant also asserts that Plaintiff's cause of
23 action for failure to exercise ordinary care should be dismissed because Plaintiff has only
24 offered conclusory allegations that Defendant failed to exercise ordinary care with regard to
25 the "maintenance" of the accounts. Defendant asserts that the court in Auto-Owners held that
26 the taking and payment of checks on a fictitious account, without any other allegations of
27 negligence, does not amount to a failure to exercise ordinary care. Auto-Owners, 879 N.E.2d
28 at 1091. Defendant further asserts that the court in Auto-Owners also held that where the

- 6 -

1  bank "followed required protocol in depositing checks" "[o]ther than the lack of procedure
2  used in opening the bank account," thus, it has not substantially contributed to plaintiff's
3  loss. Id. In sum, as to this Court, Defendant asserts that Plaintiff has not alleged that
4  Defendant failed to follow required protocol in depositing checks and, therefore, Plaintiff has
5  not adequately alleged a claim for failure to exercise ordinary care.

6  Plaintiff argues that Auto-Owners is not analogous to the instant case because the
7  Indiana Supreme Court there made a fact- and case-specific determination that there were no
8  issues of material fact for trial, whereas, this Court has already determined that Plaintiff's
9  Complaint adequately states a claim against Defendant. Moreover, Plaintiff contends,
10 Defendant continues to disregard Plaintiff's numerous other allegations of Defendant's
11 alleged failures beyond merely "opening" the Fictitious Vender Accounts, which, for the
12 purposes of this Motion for Reconsideration of the Order denying Defendant's motion to
13 dismiss, must be taken as true.

14 Indeed, the Court's March 25, 2008 Order states as follows:

> [A] bank may be liable for failing to exercise ordinary care in opening an account, in accepting checks for deposit into an account, or in permitting withdrawal of funds from an account. 2 White & Summers, Uniform Commercial Code § 19-4 (5th ed.) "Failure to exercise ordinary care is to be determined in the context of all facts relating to the bank's conduct with respect to the bank's collection of the check." Id.
>
> Here, the Complaint alleges that [Defendant] failed to exercise ordinary care or to observe reasonable commercial banking standards in the formation, maintenance and use of the Fictitious Vendor Accounts . . . ; that [Defendant] opened at least seven accounts in a small-town branch in the names of the Fictitious Vendors knowing that the purported account holders did not legally exist . . .; that [Defendant] knew that Zuber was the owner and sole signatory to the Fictitious Vendor accounts because Zuber's social security number, and not a separate employer identification number, was used to establish the accounts . . .; and that [Defendant] thereafter caused or allowed the removal of any references to Zuber from the accounts. . . .
>
> The Complaint further alleges that [Defendant] was also the payor and depository bank for the Project Entity checks issued to the Fictitious Vendors and that these checks were deposited in the Fictitious Vendor accounts over

the course of several years, beginning in March 1999, and continuing through January 13, 2006 . . .; that said checks usually indicated that the Fictitious Vendor payee was an "Inc." or "Assoc." . . .; and that [Defendant] and/or its representatives knew that Zuber was an employee of Harvard and owed fiduciary duties to Harvard and the Project Entities during the relevant time period.

Based on the allegations as set forth in the Complaint, it appears that Plaintiff has offered more than mere conclusory allegations. The Court, again, finds Plaintiff has set forth sufficient facts to adequately state a claim for failure to exercise ordinary care. Defendant's Motion for Reconsideration is denied as to Count I of Plaintiff's Complaint. Count I may proceed as to all deposits taking place after January 12, 2004 (three years before Plaintiffs filed the instant lawsuit).

**CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** denying Defendant's Motion for Reconsideration (Doc. 11).

DATED this 16th day of September, 2008.

_____
Mary H. Murguia
United States District Judge